# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BRIAN M. CASEY,**

      **Plaintiff,**

**vs.**                        **Case No. 4:17cv160-MW/CAS**

**PAMELA JO BONDI, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated within the Florida Department of Corrections, has submitted to this Court a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion demonstrates he lacks funds with which to pay the Court's filing fee. ECF No. 2. The motion also demonstrates a large lien for litigation, ECF No. 2 at 10, prompting review of the complaint to determine if Plaintiff is not qualified for in forma pauperis status because he has had three or more cases dismissed under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff did not submit his complaint on the complaint form required to be used in this Court. Plaintiff's complaint does not include any information as to his prior litigation history. ECF No. 1.

Judicial notice is taken, however, that Plaintiff has previously been denied leave to proceed in forma pauperis based on the fact that Plaintiff has more than three "strikes" under 28 U.S.C. § 1915(g). *See* case # 4:14cv151-MW/CAS; *see also* case # 4:17cv14021-RLR, S.D. Fla;[1] case # 2:12cv453-UA-SPC, M.D. Fla. The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, Plaintiff may not proceed in this case with in forma pauperis status unless his complaint alleges sufficient facts showing Plaintiff "is under imminent danger of serious physical injury."

---

[1] The Court has confirmed that Plaintiff Brian Casey is the same person who filed the other actions because the inmate number is the same.

Plaintiff's complaint concerns events from 2012 and 2013.  ECF No. 1.  Several of the named Defendants are not physically located with Plaintiff.  Thus, Plaintiff's complaint does not allege facts which bring him within the "imminent danger" exception.

Because Plaintiff has had more than three prior dismissals of cases which count as "strikes," and he is not under imminent danger of serious physical injury, his motion to proceed in forma pauperis should be denied and this action should be dismissed.  Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time of filing the complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that any other pending motions be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he

simultaneously submits the $400.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 10, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**